# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

DEVIN BRADLEY,

     Plaintiff,

v.                                     CASE NO.

EMBRY-RIDDLE AERONAUTICAL
UNIVERSITY, INC.,

     Defendant.

_____/

## DEFENDANT'S NOTICE OF REMOVAL

TO:   The Clerk of the Court
       United States District Court
       Middle District of Florida, Orlando Division

Please take notice that Defendant, Embry-Riddle Aeronautical University, Inc. ("Defendant"), by and through undersigned counsel and pursuant to 28 U.S.C. §§ 1441 and 1446 and Local Rule 1.06, hereby files this Notice of Removal of Case No. 2025-CA-13855-CICI, filed in the Circuit Court of the Seventh Judicial Circuit, Volusia County, Florida. In support of its Notice of Removal, Defendant states as follows:

1.     Plaintiff, Devin Bradley ("Plaintiff"), filed his Complaint in the Circuit Court of the Seventh Judicial Circuit, Volusia County on October 24, 2025.

2.     The Complaint was served upon Defendant on January 7, 2026.

1

3.      The Complaint alleges the following claims against Defendant: (1) race discrimination in violation of the Florida Civil Rights Act of 1992, Chapter 760 of the Florida Statutes ("FCRA") and Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* ("Title VII"); (2) retaliation in violation of the FCRA and Title VII; and (3) whistleblower retaliation in violation of Florida's private sector whistleblower act, Section 448.101 *et seq.* of the Florida Statutes ("WBA").

4.      Because Plaintiff is asserting claims under Title VII—a federal statute—this action is subject to removal based on federal question jurisdiction pursuant to 28 U.S.C. § 1331.  These claims may therefore be removed to this Court by Defendant pursuant to 28 U.S.C. § 1441(a).

5.      Additionally, this Court has supplemental jurisdiction over Plaintiff's state law race discrimination and retaliation claims under the FCRA and whistleblower retaliation claim under the WBA pursuant to 28 U.S.C. § 1367, which dictates that this Court shall have "'supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.'"  *See Utopia Provider Sys., Inc. v. Pro-Med Clinical Sys., L.L.C.*, 596 F.3d 1313, 1328 (11th Cir. 2010) (quoting 28 U.S.C. § 1367(a)).  Plaintiff's state claims stem from the same nucleus of operative facts as the federal claims, and all the claims are merely different theories in support of the same constitutional case.

6.      No reason exists under 28 U.S.C. § 1367(c) that Plaintiff's state law race discrimination and retaliation claims under the FCRA and whistleblower retaliation

2

claim under the WBA should not be adjudicated in this Court. First, Plaintiff's state claims raise no novel or complex issues of state law. Second, Plaintiff's state claims do not substantially predominate over the federal claims, over which this Court has jurisdiction. Third, the federal claims, over which this Court has jurisdiction, have not been dismissed. And fourth, there are no exceptional circumstances that warrant declining jurisdiction over the state claims.

7. This Notice of Removal is timely filed in accordance with 28 U.S.C. § 1446(b) because Defendant was served with process of the Complaint, which was the first time from which it could be ascertained that the case is removable, in the state court action on January 7, 2026. *See* 28 U.S.C. § 1446(b)(3).

8. Pursuant to 28 U.S.C. § 1446(a) and Local Rule 1.06(b), a true and legible copy of the complete state court file is attached. *See* Exhibit 1 (Complaint); Exhibit 2 (Docket Sheet); Exhibit 3 (civil cover sheet, summons request, summons issued, and Case Management Order).

9. Pursuant to 28 U.S.C. § 1446(d), Defendant is serving a copy of this Notice of Removal on all adverse parties and filing a copy of this Notice of Removal with the Clerk of the Seventh Judicial Circuit, Volusia County. A copy of the Notice of Filing Notice of Removal is attached. *See* Exhibit 4.

10. A copy of the Federal Civil Cover Sheet is attached. *See* Exhibit 5.

WHEREFORE, Defendant respectfully requests that this Court (1) take jurisdiction of this action; (2) remove this action from the Circuit Court of the Seventh Judicial Circuit, Volusia County, to this Court; (3) enjoin prosecution by Plaintiff in

the state court proceeding; and (4) direct that the state court action shall proceed no further unless and until further order of remand is forthcoming from this Court.

January 26, 2026                           Respectfully submitted,

                                          /s/ Mark E. Levitt
                                          Mark E. Levitt, Esq.
                                          Florida Bar No. 193190
                                          Howard M. Waldman, Esq.
                                          Florida Bar No. 1002881
                                          FordHarrison LLP
                                          300 South Orange Ave., Suite 1300
                                          Orlando, FL 32801
                                          (407) 418-2300
                                          mlevitt@fordharrison.com
                                          hwaldman@fordharrison.com

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on January 26, 2026, a true and correct copy of the foregoing Notice of Removal was served via U.S. Mail and e-mail to: Marie A. Mattox, Esquire, Marie A. Mattox, P.A., 203 N. Gadsden Street, Tallahassee, Florida 32301,              marie@mattoxlaw.com,              marlene@mattoxlaw.com, michelle@mattoxlaw.com.

                                          /s/ Mark E. Levitt
                                          Attorney

4